IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YAZMIN HURTADO-MELERO,
JENNIFER CARDOZA,

    Plaintiffs,

v.                                                                                                CV 10-01013 JAP/CG

CORNELL CORRECTIONS OF
TEXAS, INC., A DELAWARE
CORPORATION, CORRECTIONAL
OFFICER KEMPER, IN HIS
INDIVIDUAL CAPACITY, AND CALVIN
MORTON, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES,

    Defendants.

**ORDER GRANTING MOTION TO EXTEND TIME TO FILE MOTION TO COMPEL**

**THIS MATTER** comes before the Court on Plaintiffs' *Motion to Extend Time to File Motion to Compel*, (Doc. 55), *Defendant Kemper's Response in Opposition to Plaintiffs' Motion to Extend Time to File Motion to Compel*, (Doc. 56), and *Plaintiffs' Reply to Defendant Kempers' Response in Opposition to Plaintiffs' Motion to Extend Time to File Motion to Compel*, (Doc. 58). The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **FINDS** Plaintiffs' motion to be well-taken and will be **GRANTED**.

Plaintiffs state that they received Defendant Kemper's discovery responses and objections on June 25, 2011, and that the deadline to file a motion to compel in connection with those objections was July 15, 2011. (Doc. 55). Plaintiffs sought a one week extension of the deadline in order to confer with defense counsel prior to preparing their motion to

compel. (*Id.*). Defendant claims that he served his objections on June 17, 2011, and that Plaintiffs had twenty-one days from the 17th in order to file a motion to compel. (Doc. 56 at 1-2). Defendants argue that Plaintiffs' motion to compel was due no later than June 8, 2011, and that Plaintiffs' motion is therefore untimely and should be denied. (*Id.*).

Plaintiffs' counsel responds that Defendant's objections were sent to her former address and that is why she only received them on June 25. (Doc. 58 at 1). Regardless, Plaintiffs maintain that an extension of time was warranted to allow Plaintiffs to confer with Defendant regarding the necessity of a motion to compel. (*Id.* at 1-2). Plaintiffs have not been able to resolve their disputes with Defendant Kemper and they now seek leave to file a motion to compel. (*Id.*).

Under the local rules for this district, a party who is served with objections to a discovery request "must proceed under D.N.M.N.LR-Civ. 37.1 within twenty-one (21) days of service of an objection . . . [f]ailure to proceed within this time period constitutes acceptance of the objection." D.N.M.LR-Civ. 26.6. The rule further states that "[f]or good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period." *Id.* The Court finds that Plaintiffs have demonstrated good cause such that they will be granted an extension. As noted by Plaintiffs, discovery is not set to end for several more months and no depositions have been taken in the case. (Doc. 58 at 2). Furthermore, Plaintiffs' delay is partly attributable to their efforts to informally resolve their discovery dispute with Defendant. (*Id.* at 1-2). It does not appear that Defendant will suffer any prejudice if Plaintiffs are permitted to file their motion to compel.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Extend Time to File Motion to Compel*, (Doc. 55), be **GRANTED**. Plaintiffs shall have one week from the date of this

Order to file their motion to compel.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE